ANDRÉ BIROTTE JR
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
AMI SHETH (Cal. State Bar No.: 268415)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4896
    Facsimile: (213) 894-0141
    E-mail: Ami.Sheth@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>         v.<br><br>ISABEL RICO,<br> aka, "Bad Girl,<br><br>         Defendant. | CR No. 10-381-GHK<br><br>PLEA AGREEMENT FOR DEFENDANT<br>ISABEL RICO |

1.   This constitutes the plea agreement between ISABEL RICO ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned.   This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

### DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

    a) At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one

of the indictment in <u>United States v. Isabel Rico, aka "Bad Girl," and Zenaida Sandy Dibernardo</u>, CR 10-381-GHK.

       b) Not contest facts agreed to in this agreement.

       c) Abide by all agreements regarding sentencing factors contained in this agreement.

       d) Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

       e) Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

       f) Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

       g) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the USAO prior to sentencing.

THE USAO'S OBLIGATIONS

3.  The USAO agrees to:

       a) Not contest facts agreed to in this agreement.

       b) Abide by all agreements regarding sentencing factors contained in this agreement.

       c) At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant, and the single-count information filed against defendant on August 4, 2010, pursuant to Title 21, United States Code, Section 851.

2

1 | Defendant agrees, however, that at the time of sentencing the
2 | Court may consider the dismissed counts and dismissed information
3 | in determining the applicable Sentencing Guidelines range, the
4 | propriety and extent of any departure from that range, and the
5 | sentence to be imposed after consideration of the Sentencing
6 | Guidelines and all other relevant factors under 18 U.S.C.
7 | § 3553(a).

8 |     d) At the time of sentencing, provided that defendant
9 | demonstrates an acceptance of responsibility for the offenses up
10 | to and including the time of sentencing, recommend a two-level
11 | reduction in the applicable Sentencing Guidelines offense level,
12 | pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary,
13 | move for an additional one-level reduction if available under
14 | that section.

15 | NATURE OF THE OFFENSE

16 |     4.   Defendant understands that for defendant to be guilty of
17 | the crime charged in count one (violation of Title 21, United
18 | States Code, Sections 846, 841(a)(1), (b)(1)(B)(viii), and
19 | (b)(1)(C), the following must be true: (1) beginning on a date
20 | unknown, and ending on or about October 9, 2009, there was an
21 | agreement between two or more persons to commit at least one
22 | crime as charged in the indictment, namely, the distribution of
23 | methamphetamine, or the distribution of heroin, in violation of
24 | Title 21 United States Code Section 841(a)(1); and (2) defendant
25 | became a member of the conspiracy knowing of at least one of its
26 | objects and intending to help accomplish it.  Defendant admits
27 | that defendant is, in fact, guilty of this offense as described
28 | in count one of the indictment.

1   5.   Defendant understands that for defendant to be subject

2   to the statutory maximum and statutory minimum sentences set

3   forth below, the government must prove beyond a reasonable doubt

4   that defendant conspired to distribute at least five grams of

5   methamphetamine.   Defendant admits that defendant, in fact,

6   conspired to distribute at least five grams of methamphetamine.

7                              PENALTIES

8   6.   Defendant understands that the statutory maximum

9   sentence that the Court can impose for a violation of Title 21,

10  United States Code, Sections 846, 841(a)(1), and (b)(1)(B) is: 40

11  years' imprisonment; a life-time period of supervised release; a

12  fine of $2,000,000 or twice the gross gain or gross loss

13  resulting from the offense, whichever is greatest; and a

14  mandatory special assessment of $100.   However, if defendant

15  committed the offense described in count one of the indictment

16  after a prior conviction for a felony drug offense had become

17  final, as alleged in the information filed pursuant to Title 21,

18  United States Code, Section 851 on August 4, 2010, and if

19  defendant breaches this agreement and the USAO elects to proceed

20  on the information, the statutory maximum sentence that the Court

21  can impose for a violation of Title 21, United States Code,

22  Sections 846, 841(a)(1), and (b)(1)(B), is: life imprisonment; a

23  life-time period of supervised release; a fine of 4,000,000 or

24  twice the gross gain or gross loss resulting from the offense,

25  whichever is greatest; and a mandatory special assessment of

26  $100.

27  7.   Defendant understands that the statutory mandatory

28  minimum sentence that the Court must impose for a violation of

                                   4

1   Title 21, United States Code, Sections 846, 841(a)(1), and
2   (b)(1)(B) is five years imprisonment, followed by four years
3   supervised release.  However, if defendant committed the offense
4   described in count one of the indictment after a prior conviction
5   for a felony drug offense had become final, as alleged in the
6   information filed pursuant to Title 21, United States Code,
7   Section 851 on August 4, 2010, and if defendant breaches this
8   agreement and the USAO elects to proceed on the information, the
9   statutory mandatory minimum sentence that the Court must impose
10  for a violation of Title 21, United States Code,  Sections 846,
11  841(a)(1), and (b)(1)(B), is 10 years' imprisonment, followed by
12  an eight-year period of supervised release.

13       8.   Defendant understands that supervised release is a
14  period of time following imprisonment during which defendant will
15  be subject to various restrictions and requirements.  Defendant
16  understands that if defendant violates one or more of the
17  conditions of any supervised release imposed, defendant may be
18  returned to prison for all or part of the term of supervised
19  release authorized by statute for the offense that resulted in
20  the term of supervised release.

21       9.   Defendant understands that under 21 U.S.C. § 862a,
22  defendant will not be eligible for assistance under state
23  programs funded under the Social Security Act or Federal Food
24  Stamp Act or for federal food stamp program benefits, and that
25  any such benefits or assistance received by defendant's family
26  members will be reduced to reflect defendant's ineligibility.

27       10.  Defendant understands that, by pleading guilty,
28  defendant may be giving up valuable government benefits and

1  valuable civic rights, such as the right to vote, the right to
2  possess a firearm, the right to hold office, and the right to
3  serve on a jury.  Defendant understands that once the court
4  accepts defendant's guilty plea, it will be a federal felony for
5  defendant to possess a firearm or ammunition.  Defendant
6  understands that the conviction in this case may also subject
7  defendant to various other collateral consequences, including but
8  not limited to revocation of probation, parole, or supervised
9  release in another case and suspension or revocation of a
10  professional license.  Defendant understands that unanticipated
11  collateral consequences will not serve as grounds to withdraw
12  defendant's guilty plea.

13      11.    Defendant understands that, if defendant is not a
14  United States citizen, the felony conviction in this case may
15  subject defendant to removal, also known as deportation, which
16  may, under some circumstances, be mandatory.  The court cannot,
17  and defendant's attorney also may not be able to, advise
18  defendant fully regarding the immigration consequences of the
19  felony conviction in this case.  Defendant understands that by
20  entering a guilty plea defendant waives any claim that unexpected
21  immigration consequences may render defendant's guilty plea
22  invalid.

23                            FACTUAL BASIS

24      12.    Defendant and the USAO agree to the statement of facts
25  provided below.  Defendant and the USAO agree that this statement
26  of facts is sufficient to support a plea of guilty to the charge
27  described in this agreement and to establish the Sentencing
28  Guidelines factors set forth in paragraph 14 below but is not

1  meant to be a complete recitation of all facts relevant to the
2  underlying criminal conduct or all facts known to either party
3  that relate to that conduct.

4       On or about September 30, 2009, in Ventura County, within
5  the Central District of California, defendant and co-defendant
6  Zenaida Sandy Dibernardo ("Dibernardo") conspired to and did, in
7  fact, sell methamphetamine and heroin to a confidential informant
8  ("CI") who was working with the Bureau of Alcohol, Tobacco,
9  Firearms, and Explosives ("ATF").  Specifically, on September 30,
10 2009, the CI called Dibernardo and informed her that he/she
11 wanted to buy methamphetamine and heroin.  Later that day,
12 Dibernardo called the CI back and said that she had a contact,
13 whom she identified as "Bad Girl," and who was later identified
14 as defendant, that would sell the CI methamphetamine and heroin.
15 The CI drove to the corner of Pleasant Valley Road and Pomona
16 Street in Port Hueneme, California, where Dibernardo was waiting.
17 Dibernardo got into the CI's car and they drove to Poplar Street
18 in Oxnard, California, where they picked up defendant and a
19 Hispanic male.  Dibernardo introduced the CI to defendant.  From
20 the CI's car, defendant called her source for methamphetamine and
21 heroin and arranged to meet the source in the parking lot of a
22 Taco Bell restaurant on Channel Islands Boulevard in Oxnard,
23 California.  The CI drove to the Taco Bell parking lot, and
24 there, the CI gave defendant and Dibernardo the buy funds for the
25 methamphetamine and heroin.  Defendant got out of the car and got
26 into a silver Honda sedan that was also parked in the lot.
27 Approximately ten minutes later, defendant got back into the CI's
28 car and the CI drove back to Poplar Street.  Defendant and the CI

1   got out of the car and got into defendant's white truck that was

2   parked on Poplar street.  While in defendant's truck, defendant

3   gave the CI 11 grams of heroin and  26.8 grams of a substance

4   that contained 21.5 grams of pure methamphetamine.  The CI told

5   defendant that she/he gave Dibernardo an extra $100, and that

6   Dibernardo should split that money with defendant.  In total, the

7   CI paid Dibernardo and defendant $1780.  At the time, defendant

8   and Dibernardo knew the substances were methamphetamine and

9   heroin or some other prohibited drug.

10       Also, on or about October 9, 2009, in Ventura County, within

11  the Central District of California, defendant sold the CI heroin.

12  Specifically, on October 9, 2009, the CI and defendant agreed to

13  meet so that defendant could sell heroin to the CI.  The CI drove

14  to 2nd Street in Port Hueneme, California, and met defendant

15  outside a house located at 345 2nd Street.  The CI and defendant

16  went inside the house, and defendant talked to her source for

17  heroin by telephone.  Approximately ten minutes later, defendant

18  left the house and got into a silver Ford F-150 truck that drove

19  by the house.  The driver drove down 2nd Street, and returned to

20  the house a few minutes later to drop off defendant.  Defendant

21  went back inside the house, and showed the CI heroin.  Defendant

22  then gave the CI 24.2 grams of heroin, and told the CI that the

23  price was $690.  The CI gave defendant $700 and told her to keep

24  the extra $10.  At the time, defendant knew it was heroin or some

25  other prohibited drug.

26                          SENTENCING FACTORS

27       13.  Defendant understands that in determining defendant's

28  sentence the Court is required to consider the factors set forth

1  in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentence
2  and sentencing range established under the Sentencing Guidelines.
3  Defendant understands that the Sentencing Guidelines are advisory
4  only, that defendant cannot have any expectation of receiving a
5  sentence within the Sentencing Guidelines range, and that after
6  considering the Sentencing Guidelines and the other § 3553(a)
7  factors, the Court will be free to exercise its discretion to
8  impose any sentence it finds appropriate up to the maximum set by
9  statute for the crime of conviction.

10      14.   Defendant and the USAO agree to the following
11  applicable Sentencing Guidelines factors:
12      Base Offense Level  :    28    [U.S.S.G. § 2D1.1(c)(6)]
13  Defendant and the USAO reserve the right to argue that additional
14  specific offense characteristics, adjustments, and departures
15  under the Sentencing Guidelines are appropriate.  Defendant
16  understands that defendant's offense level could be increased if
17  defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.
18  If defendant's offense level is so altered, defendant and the
19  USAO will not be bound by the agreement to Sentencing Guideline
20  factors set forth above.

21      15.   Defendant understands that there is no agreement as to
22  defendant's criminal history or criminal history category.

23      16.   Defendant and the USAO reserve the right to argue for a
24  sentence outside the sentencing range established by the
25  Sentencing Guidelines based on the factors set forth in 18 U.S.C.
26  § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7), ~~along~~ although defendant
27  understands that the court is required to impose a mandatory
28  minimum sentence of five years.

<u>WAIVER OF APPEAL OF CONVICTION</u>

19. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

20. Defendant agrees that, provided the Court imposes a total term of imprisonment on ~~all~~ *the* counts of conviction ~~of no more than 137 months of imprisonment~~, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (e) any of the following conditions of probation or supervised release imposed by the Court: the standard conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

21. The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than ~~110 months of imprisonment~~, the USAO gives up its right to appeal any portion of the sentence.

*[handwritten marginal/interlineal notes:]*
*P.P. S.R. within guideline level 25 and her criminal history category.*
*P.P. S.R. the low end of guideline level 25 and her criminal history category.*

## RESULT OF WITHDRAWAL OF GUILTY PLEA

22.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge or any allegation of a prior conviction for a felony drug offense that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

23.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

24.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.   All of

13

defendant's obligations are material, a single breach of this
agreement is sufficient for the USAO to declare a breach, and
defendant shall not be deemed to have cured a breach without the
express agreement of the USAO in writing.  If the USAO declares
this agreement breached, and the Court finds such a breach to
have occurred, then: (a) if defendant has previously entered a
guilty plea pursuant to this agreement, defendant will not be
able to withdraw the guilty plea, and (b) the USAO will be
relieved of all its obligations under this agreement.

25.  Following the Court's finding of a knowing breach of
this agreement by defendant, should the USAO choose to pursue any
charge or any allegation of a prior conviction for a felony drug
offense that was either dismissed or not filed as a result of
this agreement, then:

a) Defendant agrees that any applicable statute of
limitations is tolled between the date of defendant's signing of
this agreement and the filing commencing any such action.

b) Defendant waives and gives up all defenses based on
the statute of limitations, any claim of pre-indictment delay, or
any speedy trial claim with respect to any such action, except to
the extent that such defenses existed as of the date of
defendant's signing this agreement.

c) Defendant agrees that: (i) any statements made by
defendant, under oath, at the guilty plea hearing (if such a
hearing occurred prior to the breach); (ii) the agreed to factual
basis statement in this agreement; and (iii) any evidence derived
from such statements, shall be admissible against defendant in
any such action against defendant, and defendant waives and gives

14

1   up any claim under the United States Constitution, any statute,

2   Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the

3   Federal Rules of Criminal Procedure, or any other federal rule,

4   that the statements or any evidence derived from the statements

5   should be suppressed or are inadmissible.

6                 COURT AND PROBATION OFFICE NOT PARTIES

7        26.  Defendant understands that the Court and the United

8   States Probation Office are not parties to this agreement and

9   need not accept any of the USAO's sentencing recommendations or

10  the parties' agreements to facts or sentencing factors.

11       27.  Defendant understands that both defendant and the USAO

12  are free to: (a) supplement the facts by supplying relevant

13  information to the United States Probation Office and the Court,

14  (b) correct any and all factual misstatements relating to the

15  Court's Sentencing Guidelines calculations, and (c) argue on

16  appeal and collateral review that the Court's Sentencing

17  Guidelines calculations are not error, although each party agrees

18  to maintain its view that the calculations in paragraph 14 are

19  consistent with the facts of this case.  While this paragraph

20  permits both the USAO and defendant to submit full and complete

21  factual information to the United States Probation Office and the

22  Court, even if that factual information may be viewed as

23  inconsistent with the facts agreed to in this agreement, this

24  paragraph does not affect defendant's and the USAO's obligations

25  not to contest the facts agreed to in this agreement.

26       28.  Defendant understands that even if the Court ignores

27  any sentencing recommendation, finds facts or reaches conclusions

28  different from those agreed to, and/or imposes any sentence up to

15

1  the maximum established by statute, defendant cannot, for that

2  reason, withdraw defendant's guilty plea, and defendant will

3  remain bound to fulfill all defendant's obligations under this

4  agreement.   Defendant understands that no one -- not the

5  prosecutor, defendant's attorney, or the Court -- can make a

6  binding prediction or promise regarding the sentence defendant

7  will receive, except that it will be within the statutory

8  maximum.

9                     NO ADDITIONAL AGREEMENTS

10       29.   Defendant understands that, except as set forth herein,

11  there are no promises, understandings, or agreements between the

12  USAO and defendant or defendant's attorney, and that no

13  additional promise, understanding, or agreement may be entered

14  into unless in a writing signed by all parties or on the record

15  in court.

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

30.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

ANDRÉ BIROTTE JR.
United States Attorney

_____     8|12|10
AMI SHETH                            Date
Assistant United States Attorney

_____     8-12-10
ISABEL RICO                          Date
Defendant

_____     8/12/10
PAUL E. POTTER                       Date
Attorney for Defendant
Isabel Rico

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.  I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of

17

the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          8-12-10
ISABEL RICO                              _____
Defendant                                Date

### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am ISABEL RICO'S attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of her rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual

18

basis set forth in this agreement is sufficient to support my

client's entry of a guilty plea pursuant to this agreement.

_____                    _____

PAUL E. POTTER                               Date
Attorney for Defendant
Isabel Rico